IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RBC BANK (USA), | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0570-WS-N |
| | ) |
| LYNN E. FOWLER, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for default judgment. (Doc. 14). Default has previously been entered against the defendant. (Docs. 11). Because she has not appeared, she is not entitled to notice of the pending motion. Fed. R. Civ. P. 55(b)(2).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact .... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp*., 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis in original).

The complaint alleges that the defendant executed a promissory note in favor of the plaintiff, that the indebtedness reflected by the note has not been satisfied, that the defendant is in default, and that all conditions precedent to recovery have been satisfied. The complaint includes a count for breach of the note, as well as claims for money had

and received, unjust enrichment, and account stated.  (Doc. 1).  There is no question but that these allegations actually state a cause of action and that the complaint contains a substantive, sufficient basis for the relief sought.

The Court may not enter default judgment against an infant or incompetent unless appropriately represented in the action.  Fed. R. Civ. P. 55(b)(2).  Here, the plaintiff has asserted by affidavit that the defendant is neither.  (Doc. 14, Exhibit A, ¶ 3).  Likewise, the affidavit reflects that the plaintiff is not in the military service of the United States, thereby satisfying the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521.  (*Id*., ¶ 4).  The procedural predicates for entry of default judgment being satisfied, the Court turns to the amount of the judgment to be entered.

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages."  *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1084 n.4 (S.D. Ala. 2007); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters ...."); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (on default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for award ...."); 10A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2688 at 58-59 (3rd ed. 1998) ("If the court determines that [the] defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").  Thus, the mere granting of default judgment does not establish the plaintiff's entitlement to any quantum of damages.

A hearing to establish damages is not universally required.  None is needed "where all essential evidence is already of record ..., such that any additional evidence would be truly unnecessary to a fully informed determination of damages."  *Securities and*

*Exchange Commission v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).  Here, suit is brought on a promissory note, which has been submitted along with affidavits from the holder's representative and its counsel, and the plaintiff does not request a hearing.  Accordingly, none will be held.

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."  Fed. R. Civ. P. 54(c).  The complaint demands recovery on the note in the amount of $238,780.33, plus attorney's fees and costs.  The motion for default judgment seeks precisely the same relief.

The plaintiff seeks recovery of incurred attorney's fees and expenses of $6,403.19.  The note provides for recovery of its legal costs and expenses of enforcing the note, including reasonable attorney's fees.  The submitted affidavit of counsel establishes that these fees and expenses were actually and reasonably incurred and are reasonable in amount.

In summary, the plaintiff is entitled to judgment against the defendant in the requested amount of $245,183.52.  The motion for default judgment is **granted**.  Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 28th day of January, 2010.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE